UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| MARGARET NOWLIN, *Individually,* and as *Personal Representative* of the estate of TERRANCE NOWLIN, *deceased,* 1218 Dillon Court Capitol Heights, MD 20743<br><br>           Plaintiff,<br><br>v.<br><br>DISTRICT OF COLUMBIA 441 4th Street, NW, Suite 1110 Washington, DC 20001<br><br>  Serve:<br><br>Hon. Mayor Anthony Williams c/o Tabatha Braxton John A. Wilson Building Suite 419 1350 Pennsylvania Avenue, N.W. Washington, DC 20004<br><br>Robert J. Spagnoletti c/o Nadine Wilburn Office of the Attorney General    for the District of Columbia 441 4th Street, N.W. 6th Floor South Washington, DC 20001<br><br>           Defendant. | CASE NUMBER   1:06CV00134<br><br>JUDGE: Rosemary M. Collyer<br><br>DECK TYPE: Civil Rights (non-employme<br><br>DATE STAMP: 01/25/2006 |

## COMPLAINT

**COMES NOW** Plaintiff Margaret Nowlin ("Nowlin"), individually, and as

Personal Representative of the Estate of Terrance Nowlin, by and through the

undersigned counsel, and makes this Complaint against Defendant District of Columbia ("D.C.").

### Jurisdiction and Venue

1. Plaintiff Nowlin's claims under 42 U.S.C. § 1983 and the U.S. Constitution give rise to "federal question" subject matter jurisdiction in this Court pursuant to 28 U.S.C. § 1331. This court also has subject matter jurisdiction of the § 1983 claim pursuant to 28 U.S.C. § 1343 ("Civil Rights and elective franchise" jurisdiction). Pursuant to 28 U.S.C. §1367, this Court has supplemental, and/or pendent subject matter jurisdiction over the remaining claims.

2. This Court's personal jurisdiction over Defendant D.C. is apparent.

3. Venue in this action properly lies in the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1391, insofar as (a) the District of Columbia itself is a defendant in this litigation; (b) the events giving rise to this action took place exclusively in the District of Columbia; and (c) the District of Columbia is located in this federal judicial district.

4. Defendant D.C. was properly given notice of this claim pursuant to D.C. Code §12-309 on or about May 9, 2005.

### Parties

5. Plaintiff Nowlin is an adult resident of the State of Maryland, residing at 1218 Dillon Court, Capitol Heights, MD 20743. Plaintiff Nowlin is bringing this action individually and as personal representative of the estate of Terrance Nowlin.

6. Defendant D.C. is a municipality and a "person" subject to direct liability under 42 U.S.C. § 1983. In addition, as the employer of the officers at issue in this action, Defendant D.C. was required by *inter alia* its own statues and/or regulations to

provide adequate training and supervision to them with regard to the importance of strict adherence to Metropolitan Police Department regulations and general orders generally, and specifically with respect to the use of lethal force and drawing and discharging of weapons. Under the doctrine of *respondeat superior* and/or governmental actor doctrines, Defendant D.C. is also legally responsible, *inter alia*, for the misconduct of members of the Metropolitan Police Department.

### **Factual Background**

7.   On April 29, 2005, police were called to the home of Earl Nowlin at 1331 Savannah Street, S.E. in Washington, D.C.

8.   D.C. Metropolitan Officer Kim Togans ("Togans") and Officer Johnetta Woods ("Woods") arrived on the scene.

9.   Officer Togans and/or Officer Woods found Terrance Nowlin within the residence on top of his sister-in-law, Mary Nowlin.

10.  Officer Togans and/or Officer Woods drew their baton(s) and began to beat Terrance Nowlin.

11.  After Officer Togans and/or Officer Woods stopped beating Terrance Nowlin with their baton(s), Terrance Nowlin got up and began walking towards the front door of the residence.

12.  Officer Togans and/or Officer Woods retreated outside of the residence.

13.  Terrance Nowlin walked to the front door of the residence.

14.  Officer Togans and/or Officer Woods drew their firearm(s) and shot Terrance Nowlin.

15. Neither Officer Togans nor Officer Woods gave any verbal warnings to Terrance Nowlin prior to discharging their weapon(s).

16. Neither Officer Togans nor Officer Woods tried non lethal means prior to discharging their weapon(s).

17. At all times material hereto, neither Officer Togans nor Officer Woods had an appropriate basis to use deadly force.

18. Terrance Nowlin was unarmed at the time of the shooting.

19. On the same day, Terrance Nowlin was taken to George Washington University Medical Center where he was pronounced dead at 8:50 p.m.

20. The actions of Officer Togans and/or Officer Woods were intentional, knowing, malicious and/or reckless and/or wanton and/or negligent and were committed in the course of their employment and/or agency with the District of Columbia Metropolitan Police Department.

21. The use of deadly force, including the discharge of a firearm, by Metropolitan Police Officers is subject to specific regulation(s), and/or order(s) and/or standard(s).

22. The shooting and killing of Terrance Nowlin by Officer Togans and/or Officer Woods was in direct violation of any and all applicable regulation(s), and/or order(s) and/or standard(s).

23. At all times herein, Officer Togans and Officer Woods were acting in the course of their employment with the District of Columbia as Metropolitan police officers. Defendant D.C. is therefore vicariously liable for all their acts or omissions under, *inter alia*, the doctrine of *respondeat superior*.

## COUNT I
### Negligence – Survival Action

24. Plaintiff Nowlin, as next of kin of Terrance Nowlin, deceased, restates and realleges each and every allegation set forth above in this Complaint as if fully set forth herein.

25. The survival action is brought by Plaintiff Nowlin as mother and next of kin of the decedent, Terrance Nowlin.

26. At all times material hereto, Officer Togans and Officer Woods, acting within the course of their employment and/or agency with Defendant D.C., owed Plaintiff Nowlin and Terrance Nowlin a duty to act in accordance with the then applicable duties, standard(s), order(s), regulation(s) and/or obligation(s) to protect Terrance Nowlin from harm and further to refrain from the unjustified use of excessive force.

27. Officer Togans and Officer Woods were, at all material times, acting within the scope and authority of their employment with Defendant D.C.

28. In breach of this duty, Plaintiff Nowlin and Terrance Nowlin suffered injuries as set forth above.

29. As a proximate result of the negligent acts and/or omissions of Officer Togans and/or Officer Woods, acting within the course of their employment and/or agency with Defendant D.C., including but not limited to reckless, willful, wrongful and negligent use of excessive and/or lethal force and failure to protect the safety of Terrance Nowlin, Terrance Nowlin was shot and killed under circumstances where the use of lethal force by the officers was unjustified.

30. As a direct result of the negligent acts and/or omissions of Officer Togans and/or Officer Woods, Plaintiff Nowlin, the next of kin of Terrance Nowlin has suffered damages including, but not limited to, a loss of services, care, companionship and support, as well as economic damages including, but not limited to financial support, gifts and other contributions which Terrance Nowlin would have provided had he lived.

31. The above injuries were caused solely and proximately by the negligence of Officer Togans and/or Officer Woods, acting within the course of their employment and/or agency with Defendant D.C., without any contributory negligence on the part of Plaintiff Nowlin or Terrance Nowlin.

## COUNT II
### Negligence - Wrongful Death

32. Plaintiff Nowlin, as next of kin of Terrance Nowlin, deceased, restates and realleges each and every allegation set forth above in this Complaint as if fully set forth herein.

33. The claim for wrongful death is brought by Plaintiff Nowlin as mother and next of kin of the decedent, Terrance Nowlin.

34. At all times material hereto, Officer Togans and Officer Woods, acting within the course of their employment and/or agency with Defendant D.C., owed Terrance Nowlin a duty not to use excessive and/or lethal force in violation of any and all applicable regulation(s), order(s), and/or standard(s). Officer Togans and/or Officer Woods, acting within the course of their employment and/or agency with Defendant D.C., further owed Terrance Nowlin a duty to protect him from harm, including not being shot and killed by one or all of the involved officers.

35. All actions of Officer Togans and Officer Woods as alleged herein, including, actual or constructive approval of and/or wrongful use of lethal force to kill Terrance Nowlin, and/or failure to protect Terrance Nowlin from the wrongful use of lethal force, were carried out within the scope and authority of their employment and or agency as employees of Defendant D.C.

36. Officer Togans and/or Officer Woods, acting within the course of their employment and/or agency with Defendant D.C., by willfully, knowingly, recklessly, wantonly and/or negligently disregarding and failing to adhere to applicable regulation(s), order(s) and/or standard(s), first in unjustifiably shooting and killing Terrance Nowlin, and second in failing to protect Terrance Nowlin from being shot and killed, exhibited reckless and willful disregard for Terrance Nowlin's life and/or safety, and were grossly negligent in breaching the duty of care they owed to Terrance Nowlin.

37. As a proximate result of the negligent acts and/or omissions of Officer Togans and Officer Woods, acting within the course of their employment and/or agency with Defendant D.C., including, but not limited to, the reckless, willful, wrongful and negligent use of excessive and/or lethal force and failure to protect the safety of Terrance Nowlin, Terrance Nowlin was shot and killed under circumstances where the use of lethal force by the officers was unjustified.

38. As a direct result of the negligent acts and/or omissions of Officer Togans and/or Officer Woods, acting within the course of their employment and/or agency with Defendant D.C., Terrance Nowlin experienced extreme and horrific pain, suffering, emotional distress and mental anguish prior to his death.

39. As a direct result of the negligent acts and/or omissions of Officer Togans and/or Officer Woods, acting within the course of their employment and or agency with

Defendant D.C., Plaintiff Nowlin has suffered damages, including but not limited to, funeral expenses.

40. The above injuries were caused solely and proximately by negligence of Officer Togans and/or Officer Woods, acting within the course of their employment and/or agency with the Defendant D.C., without any contributory negligence on the part of Plaintiff Nowlin or Terrance Nowlin.

## COUNT III
### 42 U.S.C. § 1983 Deprivation of Fifth Amendment Rights
### Life, Safety, and Personal Security

41. Plaintiff Nowlin, as next of kin of Terrance Nowlin, deceased, restates and realleges each and every allegation set forth above in this Complaint as if fully set forth herein.

42. This Count arises under 42 U.S.C. § 1983 and the Fifth Amendment to the United States Constitution, and is alleged against Defendant D.C.

43. At all times relevant herein, Officer Togans and Officer Woods were acting within the scope and authority of their employment with Defendant D.C. and as such acted under the color of the laws of the District of Columbia.

44. At all relevant times, Terrance Nowlin enjoyed the protections of the Fifth Amendment to the U.S. Constitution, prohibiting *inter alia* deprivation of the rights to life, liberty and personal security.

45. Through the subject incident, Defendant D.C. was subject to a constitutional obligation to take all reasonable measures to guarantee Terrance Nowlin's safety and to protect him from harm.

46. Through the conduct of Officer Togans and/or Officer Woods, acting within the course of their employment and/or agency with Defendant D.C., by unjustifiably shooting and killing Terrance Nowlin under the aforesaid circumstances, Defendant D.C. deprived Terrance Nowlin of and/or acted with deliberate indifference to Terrance Nowlin's Fifth Amendment rights by subjecting him to a known, substantial risk of serious harm and risk of death.

47. Defendant D.C.'s above stated affirmative actions concerning the approval of, use of and/or failure to protect Terrance Nowlin from the unjustified shooting and/or actual use of excessive and/or deadly force resulting in the death of Terrance Nowlin, constitutes misconduct that was unreasonable, reckless and outrageous, and in blatant violation of Terrance Nowlin's established constitutional rights to be free from unwarranted deprivations of life, safety and personal security under the Fifth Amendment to the United States Constitution.

48. As a direct and proximate result of the foregoing misconduct, Terrance Nowlin lost his life, and suffered extreme and horrific pain and mental anguish, for which Defendant D.C. is liable to Plaintiff Nowlin.

49. Because Defendant D.C.'s conduct reflects a reckless disregard for the deprivation of Terrance Nowlin's due process rights to life, safety and personal security, Defendant D.C. is also liable for punitive damages.

## COUNT IV
### Civil Rights Violation under 42 U.S.C. § 1983 -
### Deliberate Indifference to Police Training, Supervision and Discipline

50. Plaintiff Nowlin, as next of kin of Terrance Nowlin, deceased, restates and realleges each and every allegation set forth above in this Complaint as if fully set forth herein.

51. This count arises under 42 U.S.C. § 1983, and is alleged against Defendant D.C. for its municipal and/or *de facto* policy of insufficient training, supervision and/or discipline of its police officers.

52. Defendant D.C. has long been on notice of a pattern of deficient selection, training, supervision and discipline of its police officers in general, and particularly with respect to the drawing and firing of their weapons, and the use of lethal force, such that armed officers have been hired with little or no background checks, officers have actually received acceptance letters to the police academy while in jail and/or officers have been hired with criminal records.

53. Terrance Nowlin's death proximately resulted from a series of instances of police misconduct linked to, and arising from, a *de facto* District of Columbia policy of deficient selection of training, supervision and discipline sufficient to shock the conscience with respect to police officers, and the drawing and discharging of weapons, the protection of civilians and the use of lethal force.

54. In view of the foregoing, Defendant D.C.'s failure to improve, remedy, supplement or otherwise upgrade the training and supervision of policy officers constitutes a deliberate indifference and/or a *de facto* policy on the part of Defendant D.C.

with respect to the selection of, training, supervision and discipline of its police force in general, and particularly with respect to the drawing and firing of weapons and the use of lethal force by Defendant D.C.'s police officers.

55. Defendant D.C.'s actual and/or *de facto* policy of deliberate indifference toward the selection of, training, supervision and discipline of its police force, including in their use of weapons an lethal force amounts to, and constitutes, a deliberate indifference to the constitutional rights of civilians such as Terrance Nowlin, which rights include, but are not limited to, the clearly-established right not to be deprived of life without due process of law under the Fifth Amendment to the Constitution, and the right to be free from unwarranted searches and seizures under the Fourth Amendment to the Constitution..

56. Such deliberate indifference on the part of Defendant D.C. with respect to the selection of, training, supervision and discipline of its police force and in its officers' drawing and use of weapons, including lethal force against civilians was a proximate cause of Terrance Nowlin's death.

57. As a proximate result of the afore-alleged wrongful selection of, training, supervision and/or discipline of the District officers, Terrance Nowlin was deprived of his right to life, without due process of law, and the afore-alleged deliberate indifference on the part of the Defendant D.C. constitutes a violation of Terrance Nowlin's constitutional rights to be free from unwarranted searches and seizures, and not to be deprived of life without due process of law under the Constitution.

58. As a proximate result of the foregoing deliberate indifference on the part of Defendant D.C., Terrance Nowlin was subjected to unwarranted searches and seizures,

and was deprived of his life, liberty, and personal security, and suffered extreme, horrific pain and suffering and mental anguish.

## COUNT V
### Excessive Force

59.     Plaintiff Nowlin, as next of kin of Terrance Nowlin, deceased, restates and realleges each and every allegation set forth above in this Complaint as if fully set forth herein.

60.     The afore-alleged acts by Officer Togans and/or Officer Woods, acting within the course of their employment and/or agency with Defendant D.C., by willfully, wantonly and/or intentionally drawing their weapon(s), discharging their weapon(s) and shooting and killing Terrance Nowlin constituted the use of excessive force by Officer Togans and/or Officer Woods while in the course of their employment and/or agency with Defendant D.C.

61.     As a direct result of the excessive force used by Officer Togans and/or Officer Woods, acting within the course of their employment and/or agency with the Defendant D.C., Terrance Nowlin experienced extreme and horrific pain, suffering, emotional distress and mental anguish prior to his death.

62.     The above injuries were caused solely and proximately by negligence of Officer Togans and/or Officer Woods, acting within the course of their employment and/or agency with the Defendant D.C., without any contributory negligence on the part of Plaintiff Nowlin or Terrance Nowlin.

\* \* \*

**WHEREFORE,** Plaintiff Nowlin, Individually, and as Personal Representative of the Estate of Terrance Nowlin, respectfully requests judgment against Defendant D.C. in an amount to be determined at trial, but believed to be twenty million dollars ($20,000,000.00) in compensatory damages, thirty million dollars ($30,000,000.00) in punitive damages, plus costs of suit, attorneys fees, and such other and further relief as this Court deems just and proper.

Dated: January 25, 2006                           RESPECTFULLY SUBMITTED,

 

Wayne R. Cohen, #433629
Adam R. Leighton, #460184
COHEN & COHEN, P.C.
1717 K Street, N.W.
Suite 502
Washington, DC 20006
(202) 955-4529
Attorneys for Plaintiff

## JURY DEMAND

Plaintiff, pursuant to Rule 38 of the Federal Rules of Civil Procedure, hereby demands trial by jury of all issues in this matter.

Dated: January 25, 2006                              RESPECTFULLY SUBMITTED,

 

Wayne R. Cohen, #433629
Adam R. Leighton, #460184
COHEN & COHEN, P.C.
1717 K Street, NW
Suite 502
Washington, DC 20006
(202) 955-4529
Attorneys for Plaintiff