IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| MARGARET NOWLIN, *et al.,* : <br> : <br> Plaintiffs, : <br> : <br> v. : <br> : <br> DISTRICT OF COLUMBIA, : <br> : <br> Defendant : | C.A. No. 1:06CV00134 (RMC) |

DEFENDANT DISTRICT OF COLUMBIA'S
ANSWER TO THE COMPLAINT

Defendant District of Columbia, by and through counsel, responds to the complaint with particularity and in like-numbered paragraphs as follows:

FIRST DEFENSE

The complaint fails to state a claim upon which relief can be granted.

SECOND DEFENSE

Jurisdiction and Venue

1. The District recognizes the existence of the statutory authority cited in paragraph 1, but denies that it necessarily confers jurisdiction over the District solely by reason thereof.

2. The District denies the allegations in paragraph 2.

3. The District recognizes the existence of the statutory authority cited in paragraph 3 but denies that venue is proper solely by reason thereof.

4. The District has insufficient information to admit or deny the allegations contained in paragraph 4 of the Complaint.

Parties

5. The District has insufficient information to admit or deny the allegations contained in paragraph 5 of the Complaint.

6. The District admits that it is a municipality and a "person" within the meaning of 42 U.S.C. § 1983. The District denies that under the doctrine of *respondeat superior* and/or government actor doctrine that it is legally responsible for all acts of alleged misconduct by members of the Metropolitan Police Department. The remaining allegations in paragraph 6 are the legal conclusions and opinions of plaintiff and, therefore, no answer is required. To the extent that an answer is required the District denies any wrongdoing.

Factual Background

7. The District admits the allegations contained in paragraph 7.

8. The District admits the allegations contained in paragraph 8.

9. The District admits the allegations contained in paragraph 9.

10. The District admits that Officers Togans and/or Officer Woods struck plaintiff with their baton but deny the remaining allegations of this paragraph.

11. As phrased, the District denies the allegations contained in paragraph 11.

12. The District admits the allegations contained in paragraph 12.

13. As phrased, the District denies the allegations contained in paragraph 13.

14. The District admits the allegations contained in paragraph 14.

15. The District denies the allegations contained in paragraph 15.

16. The District denies the allegations contained in paragraph 16.

17. The District denies the allegations contained in paragraph 17.

18. The District admits that it learned subsequent to the incident that plaintiff was not armed.

19. The District admits the allegations contained in paragraph 19.

20. The District denies the allegations contained in paragraph 20.

21. The District admits the allegations contained in paragraph 21.

22. The District denies the allegations contained in paragraph 22.

23. The District denies the allegations contained in paragraph 23.

## COUNT I
### Negligence-Survival Action

24. The District incorporates its answers to paragraphs 1 through 23 as if separately set forth herein.

25. The District has insufficient information to admit or deny the allegations contained in paragraph 25 of the complaint.

26. Paragraph 26 contains conclusions of law and, therefore, no answer is required. To the extent that an answer is required, the District denies any wrongdoing.

27. The District admits the allegations contained in paragraph 27.

28. The District denies the allegations contained in paragraph 28.

29. The District denies the allegations contained in paragraph 29.

30. The District denies the allegations contained in paragraph 30.

31. The District denies the allegations contained in paragraph 31.

## COUNT II
### Negligence-Wrongful Death

32. The District incorporates its answers to paragraphs 1 through 31 as if separately set forth herein.

33. The District has insufficient information to admit or deny the allegations contained in paragraph 33 of the complaint.

34. Paragraph 34 contains conclusions of law and, therefore, no answer is required. To the extent that an answer is required, the District denies any wrongdoing.

35. The District denies the allegations contained in paragraph 35.

36. The District denies the allegations contained in paragraph 36.

37. The District denies the allegations contained in paragraph 37.

38. The District denies the allegations contained in paragraph 38.

39. The District denies the allegations contained in paragraph 39.

40. The District denies the allegations presented in paragraph 40.

COUNT III
42 U.S.C. § 1983 Deprivation of Fifth Amendment Rights
Life, Safety, and Personal Security

41. The District incorporates its answers to paragraphs 1 through 40 as if separately set forth herein..

42. Paragraph 40 contains the legal conclusions of plaintiff and, therefore, no answer is required. To the extent that an answer is required the District denies that it is liable to plaintiff under 42 U.S.C. § 1983 and the Fifth Amendment.

43. The District admits the contained in paragraph 43.

44. Paragraph 44 contains the legal conclusions of plaintiff and, therefore, no answer is required. To the extent that an answer is required, the District denies any wrongdoing.

45. Paragraph 45 contains the legal conclusions of plaintiff and, therefore, no answer is required. To the extent that an answer is required, the District denies any wrongdoing.

46. The District denies the allegations presented in paragraph 46.

47. The District denies the allegations presented in paragraph 47.

48. The District denies the allegations presented in paragraph 48.

49. The District denies the allegations presented in paragraph 49.

## COUNT IV
### Civil Rights Violation under 42 U.S.C. § 1983- Deliberate Indifference to Police Training, Supervision and Discipline

50. The District incorporates its answers to paragraphs 1 through 49 as if separately set forth herein.

51. Paragraph 51 contains the legal conclusions of plaintiff and, therefore, no answer is required. To the extent that an answer is required, the District denies any wrongdoing.

52. The District denies the allegations contained in paragraph 52.

53. The District denies the allegations contained in paragraph 53.

54. The District denies the allegations contained in paragraph 54.

55. The District denies the allegations contained in paragraph 55.

56. The District denies the allegations contained in paragraph 56.

57. The District denies the allegations contained in paragraph 57.

58. The District denies the allegations contained in paragraph 58.

## COUNT V
### Excessive Force

59. The District incorporates its answers to paragraphs 1 through 58 as if separately set forth herein.

60. The District denies the allegations contained in paragraph 60.

61. The District denies the allegations contained in paragraph 61.

62. The District denies the allegations contained in paragraph 62.

### THIRD DEFENSE

Further answering the amended complaint, the defendant denies all allegations not specifically admitted or otherwise answered, including allegations of, assault, excessive force,

5

deprivation of constitutional and civil rights, negligence and intentional infliction of emotional distress.

### FOURTH DEFENSE

The defendant denies all allegations of wrongdoing, including but not limited to violations of common law, statutory and operational standards, negligence, deliberate indifference, and unconstitutional policy or custom.

### FIFTH DEFENSE

If plaintiffs were injured or damaged as alleged, such injuries were the result of their own intentional, illegal or otherwise wrongful conduct.

### SIXTH DEFENSE

If plaintiffs were injured and damaged as alleged in the amended complaint, such injuries and damage was the result of their own sole or contributory negligence and/or his assumption of the risk.

### SEVENTH DEFENSE

If plaintiffs were injured and damaged as alleged in the amended complaint, such injuries and damages were the result of a person or persons other than the District, its employees, agents and servants acting within the scope of their employment.

### EIGHTH DEFENSE

The action may be barred by issue or claim preclusion, or not yet have accrued.

### NINTH DEFENSE

Plaintiff may have failed to fully comply with the mandatory notice requirements of D. C. Code Section 12-309 (2001).

### TENTH DEFENSE

Plaintiff may have failed to mitigate his damages.

### TWELFTH DEFENSE

The action may be barred by the statute of limitations.

### SET-OFF

The District asserts a set-off against any judgment rendered against it for all funds and services provided to or on behalf of plaintiffs, including medical care.

### **Jury Trial Demanded**

Defendant District of Columbia demand trial by jury of all issues so triable.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General

GEORGE VALENTINE
Deputy Attorney General
Civil Litigation Division

/s/Nicole L. Lynch/s/
NICOLE L. LYNCH [471953]
Assistant Attorney General
Chief, Section II Civil Litigation

/s/David A. Jackson/s/
DAVID A. JACKSON [471535]
Assistant Attorney General
Office of the Attorney General
441 Fourth Street, N.W., 6 South
Washington, D.C. 20001
Direct Line: (202) 724-6618
Facsimile: (202) 727-3625
E-mail: davida.jackson@dc.gov